UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY S.E. CUSTER, | ) |
|       Plaintiff, | ) No. CV-10-366-JPH |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|       Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 10, 2012 (ECF Nos. 9, 12). Attorney Kenneth Isserlis represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). On June 27, 2011, Plaintiff filed a reply (ECF No. 14). The parties consented to proceed before a magistrate judge (ECF No. 4). After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment (ECF No. 12).

**JURISDICTION**

Plaintiff concurrently filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on July 31, 2006, alleging disability as of March 8, 2005 (Tr. 149-153, 154-156, respectively). The applications were denied initially and on reconsideration (Tr. 109-113, 115-119).

1    At a continued hearing[1] before Administrative Law Judge (ALJ)

2  Joel B. Martinez on December 10, 2008, Plaintiff, represented by

3  counsel, testified. Plaintiff's mother, and medical and vocational

4  experts, also testified (Tr. 53-106). On February 4, 2009, the ALJ

5  issued an unfavorable decision (Tr. 25-33). The Appeals Council

6  denied Plaintiff's request for review on August 20, 2010 (Tr. 1-

7  3). Therefore, the ALJ's decision became the final decision of the

8  Commissioner, which is appealable to the district court pursuant

9  to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial

10  review on October 19, 2010 (ECF No. 1).

11                          **STATEMENT OF FACTS**

12    The facts have been presented in the administrative hearing

13  transcript, the ALJ's decision, the briefs of both parties, and

14  are only briefly summarized here.

15    Plaintiff was 42 years old at onset and 46 at the hearing

16  (Tr. 54). She earned a GED and has worked as a certified nurse's

17  aide and child monitor (Tr. 33, 54). She is divorced and lives

18  with her parents. She does not have a driver's license due to

19  unpaid tickets (Tr. 55). Ms. Custer last worked in June or July of

20  2005 (Tr. 57).

21    Plaintiff cannot work because she suffers from migraines,

22  radiating back pain, and medication side effects, problems she has

23  has experienced for about five years (Tr. 62). She briefly tried

24

25    _____

    [1]

26    A hearing on April 25, 2008, was continued so claimant could
    obtain counsel (Tr. 45-46). An October 10, 2008, hearing was

27    continued to obtain expert medical testimony (Tr. 49-50).

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 2 -

physical therapy but it was unsuccessful. She has not had surgery or injections for back pain. She takes prescribed pain medication, a muscle relaxer, and an antidepressant (Tr. 71, 76). Ms. Custer sees a doctor monthly for medication management. She also sees Dr. Lee every three months, although she missed the last two appointments due to transportation problems. She has seen Dr. Lee for about two and a half years (Tr. 63-65). Plaintiff has had no mental health treatment (other than medication) because of insurance and transportation problems. Ms. Custer had a driver's license but lost it, apparently due to unpaid tickets (Tr. 55, 63-66, 76).

She uses a cane for balance when walking but admits it was not prescribed (Tr. 66). Plaintiff testified she can sit for 30 minutes, walk for 5 minutes, and stand for 15-20 minutes (Tr. 67). When she lays on her back, her "whole left side from my hip down goes numb." If she writes too much, her hands become swollen and numb. She drops things a lot (Tr. 72-73). She reads about an hour and a half a day, watches movies, performs water aerobics twice a week for ten minutes at a time, dusts her room a little, and sits down to cook (Tr. 69-70). Six months ago she began leading a bible study group of seven people and herself. They meet weekly for an hour at her home or nearby (Tr. 76-77).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 3 -

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found Plaintiff met DIB insurance requirements through March 31, 2010 (Tr. 25, 27). At step one, he found she did not engage in substantial gainful activity after onset (Tr. 27). At steps two and three, he found she suffers from plantar fasciitis of the left heel, mild diffuse osteopenia and mild bilateral facet joint osteoarthropathy at L5-S1, mild bilateral L4-5 and L5-S1 facet joint degenerative disease, and obesity, impairments that are severe but do not alone or in combination meet or medically equal a Listed impairment (Tr. 27-28; 281-282). At steps four and five, he found plaintiff is unable to perform past work, but can do other jobs, such as "table worker, touch up screener, and sticker" (Tr. 32-33). Accordingly, the ALJ found plaintiff was not disabled as defined by the Social Security Act during the relevant period (Tr. 33).

**ISSUES**

Plaintiff alleges the Commissioner erred when he assessed

medical and lay opinion evidence and her credibility. The
Commissioner responds that because the ALJ's determinations are
free of harmful legal error and supported by the evidence, the
Court should affirm.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
on the basis of a medically determinable impairment which can be
shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
medical evidence of an underlying impairment has been shown,
medical findings are not required to support the alleged severity
of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th
Cir.1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.
1989). However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir.1989)(citations omitted). More weight is given to a
treating physician than an examining physician. *Lester v. Chater*,
81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is
given to the opinions of treating and examining physicians than to

nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir.1995).

Plaintiff alleges the ALJ failed to give specific and legitimate reasons for rejecting the contradicted opinions of treating Dr. Lee (Tr.632-633), and of examiners Drs. Pradham and Viravathana (ECF No. 10 at 9-12; Tr. 351-355, 560-565).

**B. Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 29-31). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v.*

*Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Id.; Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ's reasons for finding Plaintiff less than credible are specific, clear and convincing. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ notes the medical evidence does not support Plaintiff's allegations. There are inconsistencies between plaintiff's testimony and conduct. And, Plaintiff may have a motivation for secondary gain (Tr. 29-31).

*Medical evidence is inconsistent with Plaintiff's testimony.*

The ALJ notes Dr. Brown testified Plaintiff's electromyography study was negative. There is no evidence of a fixed neuropathy or motor dysfunction. Dr. Brown opined fibromyalgia is not established based on the claimant's clinical features (Tr. 30-31). The ALJ observes Dr. Brown assessed an RFC for the range of work "generally stated" in the ALJ's residual

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

functional capacity assessment (Tr. 31). MRI results in March and June 2006 were negative or showed mild conditions, as the ALJ points out (Tr. 29; 280-282). In April 2006, examining doctor Edward Reisman, M.D., expressed concern Plaintiff's pain symptoms were out of proportion to the examination findings (Tr. 29; 253-254). In May 2007, examining doctor Sean To, M.D., assessed an RFC for a range of medium work (Tr. 30; 468). As noted, Plaintiff testified she experiences numbness, severe radiating pain, and loses the use of her hands causing her to drop things. The ME testified there is no evidence of radiculopathy, or of sensory or motor neuropathy (Tr. 79). The ME is correct. The medical evidence does not support Plaintiff's complaints. In October 2006, Dr. Pradhan notes grip strength is 10-15 pounds in the right hand and 15 pounds in left; reflexes, function, and strength are all within normal limits (Tr. 352-353). An EMG/NCS study in June 2008 was normal. There was no evidence of peripheral neuropathy (Tr. 634-635).

   *Testimony is inconsistent with conduct and medical records, and internally inconsistent.* Plaintiff testified she had very limited functioning (Tr. 67). The ALJ accurately observes in November 2006 [about eight months after onset], Jason Yang, M.D., a psychiatric consultative examiner, noted Plaintiff spends time playing games, enjoys drawing, is independent in activities of daily living, performs some household chores, runs errands, shops, cooks, and spends time with family and friends. With respect to psychological functioning, he assessed a GAF of 65 indicating some mild symptoms or mild functional difficulties (Tr. 27, 31; 356-362). This evidence alone may be insufficient. The ALJ also

observes Plaintiff has been able to run a study group for an hour each week with seven other people for six months. This is inconsistent with the severe degree of limitation alleged, i.e., the ability to only sit for 30 minutes and stand 10-15 minutes (Tr. 31, 67, 77). Plaintiff has alleged severe pain ("10-13" on a 1-10 scale, Tr. 72), yet, as the ALJ points out, objective findings have generally been minimal (Tr. 31).

The ALJ notes [before onset in March 2005] Plaintiff complained to a provider in May 2004 that "the state [was] making [her] go back to work" (Tr. 29, 303). She testified she needs "to get some kind of independence," her parents "right now are financially strapped," and they filed for bankruptcy (Tr. 78). The ALJ observes this may point to a motivation for secondary gain (Tr. 31).

The ALJ's reasons are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when weighing a claimant's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ's adverse credibility determination is further supported by evidence suggesting that Plaintiff was motivated by secondary gain, i.e., was malingering. Affirmative evidence of malingering supports an adverse credibility finding. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir.2006). Plaintiff's statements reasonably support an inference that Plaintiff was not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                      - 12 -

motivated to work as opposed to collect benefits.

**C. Lay opinion evidence**

The ALJ gave specific reasons, germane to the witness, for giving little weight to the lay witness testimony of Plaintiff's mother, Donna Lockerbie. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993). The ALJ notes Ms. Lockerbie testified she helps Plaintiff get into and out of bed. Ms. Lockerbie testified she weighs 105 pounds. Plaintiff testified her mother is 77 years old. Plaintiff, on the other hand weighs 220 pounds and is 62 inches tall. The ALJ found Ms. Lockerbie's testimony problematic in that it also may have been motivated by financial problems. As noted, Plaintiff testified her parents filed for bankruptcy (Tr. 78). More important, the ALJ found it problematic that the petite Ms. Lockerbie would be able to assist her significantly heavier daughter with getting into and out of bed (Tr. 31-32). Both reasons are germane to the witness and supported by substantial evidence. The ALJ properly gave little weight to the lay witness testimony.

**D. Medical opinion evidence**

Treating doctor Michael Lee, M.D., opined in May 2008 Plaintiff could perform less than sedentary work. He opined she could lift less than 10 pounds occasionally, stand and walk less than 2 hours out of 8, and sit less than 2 hours out of 8 *for less than 15 minutes a time*. He opined she needed a cane or walker in the house, and a walker when outside, to prevent falling (Tr. 632-633)(italics added).

The ALJ rejected these contradicted dire limitations because Plaintiff testified she could do more than the treating doctor

assessed. Plaintiff testified she is able to sit for 30 minutes (Tr. 67). The ALJ considered the medical expert's opinion. Dr. Brown disagreed with Dr. Lee's RFC, opining Lee's opinion is disproportional to the medical evidence (Tr. 31). The ALJ notes Dr. Brown had access to the most recent records.

The ALJ's reasoning that Dr. Lee's opinion is inconsistent with other medical evidence and with Plaintiff's own testimony about her activity level amounts to "'specific and legitimate reasons' supported by substantial evidence in the record." *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001)(quoting *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998)).

Plaintiff creatively asserts the ALJ should have accepted examining doctor Rita Pradhan, M.D.,'s fibromylagia diagnosis because she found plaintiff had 11 tender points "and other doctors found tenderness to satisfy them," rendering the ME's opinions insubstantial (ECF No. 10 at 12).

Dr. Pradhan examined Plaintiff on October 30, 2006 (Tr. 351-355). The ALJ notes Dr. Pradhan opined in part that Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, stand or walk four hours out of 8, and sit without limitations (Tr. 30). With respect to fibromyalgia, Dr. Pradhan said

> "History of low back pain with associated myalgias or muscle spasm: There is decreased range of motion of the lumbar spine. Straight leg raising is also positive. The claimant seems to have also associated fibromyalgia with 11-point discrimination points."

(Tr. 354).

Dr. Brown testified

> "I didn't see that established, at least by the clinical features of fibromyalgia. . . The Work Comp injury sites [in 1997 and 2002, Tr. 79], and her pre-injury status, even with her low back pain, were pretty well established

in the medical record. It would be a little unusual to see
a fibromyalgia case that would have chronic establishment
of those very sites and now this paraesthesia, carpal
tunnel, facet arthropathy, and then develop fibromyalgia.
It would be a little unusual, and it's one of the exclusions
for fibromyalgia when you have pre-existing conditions."
(Tr. 88).

Significantly, Plaintiff's treatment providers at USC have

listed fibromyalgia as a "rule out" diagnosis. See Tr. 494 ("rule

out RA, Fibromylagia," August 6, 2007); same, November 2007 (Tr.

628, 630).

The ALJ's reasons for rejecting some of Dr. Pradhan's

contradicted opinions are specific, legitimate and supported by

substantial evidence. *See Lester*, 81 F.3d at 821. An ALJ is not

required to credit an opinion that is conclusory, brief, and

unsupported by clinical findings. *Matney v. Sullivan*, 981 F.2d

1016, 1019 (9th Cir. 1992).

Nibonth Viravathana, M.D., examined Plaintiff in June of 2008

(Tr. 554-557). Testing revealed Plaintiff's right hand grip

strength is ten pounds and left is 15 pounds (Tr. 556). Dr.

Viravathana assessed an RFC for a range of sedentary work. He

assessed no manipulative limitations, opined Plaintiff could lift

ten pounds frequently, stand and walk 2 hours out of 8, and sit

without limitations (Tr. 30, 556-557). He noted complaints of

fibromyalgia, diffuse joint pain, thyroid dysfunction, decreased

sensation in all extremities, migraine headaches, and depression

(Tr. 554). He diagnosed fibromyalgia, bilateral carpal tunnel

syndrome, and diffuse joint pain (Tr. 556).

In October 2008, ER nurse practitioner Louis Salazar listed a

preliminary diagnosis of fibromyalgia and right knee sprain (Tr.

651); however, a nurse practitioner is not an acceptable source

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 15 -

for a diagnosis.

As noted, the ALJ found Dr. Brown's opinion persuasive because he conducted the most thorough and current review of the record. Dr. Brown's opinion is consistent with the bulk of the medical evidence. And, the ALJ notes, given Dr. Brown's expertise in rheumatology, his opinion is entitled to deference with respect to alleged fibromyalgia (Tr. 31).

Similarly, Plaintiff alleges the ALJ should have assessed a more restrictive RFC with respect to her ability to walk. The ALJ found Plaintiff can stand and walk 4 hours out of 8 (Tr. 28). The medical evidence is contradictory.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the medical and lay evidence and of plaintiff's credibility are supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 16 -

1      1. Defendant's Motion for Summary Judgment **(ECF No. 12)** is

2  **GRANTED.**

3      2. Plaintiff's Motion for Summary Judgment **(ECF No. 9)** is

4  **DENIED.**

5      The District Court Executive is directed to file this Order,

6  provide copies to counsel for Plaintiff and Defendant, enter

7  judgment in favor of Defendant, and **CLOSE** this file.

8      DATED this 29th day of February, 2011.

9                          S/ James P. Hutton
                         JAMES P. HUTTON
10                  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 17 -